1

2

3

4

5

6

7

8                                UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHRISTEE L. FISHER as personal                No.  2:14-cv-0791 KJM KJN PS
     representative of the Estate of ROBERT C.
12   FISHER, JR.,

13                  Plaintiff,                      ORDER

14          v.

15   U.S. BANK NATIONAL ASSOCIATION,
     et al.,
16
                    Defendants.
17

18          On April 4, 2014, defendant U.S. Bank National Association ("U.S. Bank") filed a motion

19   to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that plaintiff's

20   complaint fails to state a claim against U.S. Bank upon which relief can be granted.[1]  (ECF No.

21   4.)  U.S. Bank noticed its motion for a hearing to take place before the undersigned on May 15,

22   2014.  (ECF No. 7.)  Pursuant to this court's Local Rules, plaintiff was obligated to file and serve

23   a written opposition or statement of non-opposition to the pending motion at least fourteen (14)

24   days prior to the hearing date, or May 1, 2014.  See E.D. Cal. L.R. 230(c).[2]  The court's docket

25   ───────────────────────
     [1]  This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28
26   U.S.C. § 636(b)(1).

27   [2]  More specifically, Eastern District Local Rule 230(c) provides:

28          **(c) Opposition and Non-Opposition.**  Opposition, if any, to the

                                                  1

1 | reveals that plaintiff, who is proceeding without counsel, failed to file a written opposition or

2 | statement of non-opposition with respect to the motion for summary judgment.[3]

3 |       Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply

4 | with these Rules or with any order of the Court may be grounds for imposition by the Court of

5 | any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

6 | Moreover, Eastern District Local Rule 183(a) provides, in part:

7 |
8 |
9 |
10 |
> Any individual representing himself or herself without an attorney
> is bound by the Federal Rules of Civil or Criminal Procedure, these
> Rules, and all other applicable law.  All obligations placed on
> "counsel" by these Rules apply to individuals appearing in propria
> persona.  Failure to comply therewith may be ground for dismissal,
> judgment by default, or any other sanction appropriate under these
> Rules.

11 | See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the

12 | same rules of procedure that govern other litigants") (overruled on other grounds).  Case law is in

13 | accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's

14 | case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his

15 | or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the

16 | court's local rules.[4]  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a

---

17 |
18 |
19 |
20 |
21 |
> granting of the motion shall be in writing and shall be filed and
> served not less than fourteen (14) days preceding the noticed (or
> continued) hearing date.  A responding party who has no opposition
> to the granting of the motion shall serve and file a statement to that
> effect, specifically designating the motion in question.  No party
> will be entitled to be heard in opposition to a motion at oral
> arguments if opposition to the motion has not been timely filed by
> that party. . . .

22 |
23 |
24 |
25 |
26 |
[3] The court notes that the copy of the District Judge's minute order directing U.S. Bank to re-notice its motion to dismiss before the undersigned mailed to plaintiff was returned to the court as undeliverable.  However, it is plaintiff's duty to keep the court informed of her current address, and service of the court's order at the address on record was effective absent the filing of a notice of change of address.  In relevant part, Local Rule 182(f) provides: "Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party.  Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective."

27 |
28 |
[4]   The Ninth Circuit Court of Appeals had held that under certain circumstances a district court does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil

1  court "may act sua sponte to dismiss a suit for failure to prosecute"); <u>Hells Canyon Preservation</u>

2  <u>Council v. U.S. Forest Serv.</u>, 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss

3  an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to

4  prosecute or comply with the rules of civil procedure or the court's orders); <u>Ghazali v. Moran</u>, 46

5  F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a

6  proper ground for dismissal"); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992)

7  ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for

8  failure to comply with any order of the court"); <u>Thompson v. Housing Auth. of City of L.A.</u>, 782

9  F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to

10  control their dockets and may impose sanctions including dismissal or default).

11      In light of the foregoing, IT IS HEREBY ORDERED that:

12      1.   The hearing on U.S. Bank's motion to dismiss (ECF No. 4), which is presently set for

13  May 15, 2014, is CONTINUED until June 26, 2014, at 10:00 a.m., in Courtroom No. 25 before

14  the undersigned.

15      2.   Plaintiff shall file a written opposition to the motion for summary judgment, or a

16  statement of non-opposition thereto, on or before June 12, 2014.  Plaintiff's failure to file a

17  written opposition will be deemed a statement of non-opposition to the pending motion and

18  consent to the granting of the motion, and shall constitute an additional ground for the imposition

19  of appropriate sanctions, including a recommendation that plaintiff's entire case be involuntarily

20  dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

21      3.   U.S. Bank may file a written reply to plaintiff's opposition, if any, on or before June

22  19, 2014.

23  ////

24  ////

25  ////

26  ////

27

28  Procedure 41(b) for failing to file an opposition to a motion to dismiss.  <u>See, e.g.</u>, <u>Trice v. Clark</u>
<u>County Sch. Dist.</u>, 376 Fed. App'x. 789, 790 (9th Cir. 2010) (unpublished).

1        4.   The August 14, 2014 status conference in this matter is CONTINUED until

2    September 18, 2014, at 10:00 a.m., in Courtroom No. 25 before the undersigned.

3              IT IS SO ORDERED.

4    Dated:  May 6, 2014

5

6    KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28