UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTEE L. FISHER as personal representative of the Estate of ROBERT C. FISHER, JR.,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION, et al.,<br><br>Defendants. | No.  2:14-cv-0791 KJM KJN PS<br><br><br>ORDER AND ORDER TO SHOW CAUSE |

Plaintiff Christee Fisher ("plaintiff"), acting as personal representative of the Estate of Robert C. Fisher, Jr. and proceeding without counsel in this action,[1] filed her complaint on January 24, 2014 in the Placer County Superior Court. (ECF No. 1-1, Exhibit A (Complaint).) On March 27, 2014, defendant U.S. Bank National Association ("U.S. Bank") filed a notice of removal on behalf of all three defendants[2] named in plaintiff's complaint.[3] On April 3, 2014,

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2] U.S. Bank represents in its notice of removal that co-defendants DLJ Mortgage Capital, Inc. and NDEX West, LLC consented to removal. (ECF No. 1 at 5.) This averment is sufficient to satisfy the requirement that all defendants join in the removal from state court. Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1225 (9th Cir. 2009) (holding that "a notice of removal can be effective without individual consent documents on behalf of each defendant" when "[o]ne defendant's timely removal notice contain[s] an averment of the other defendants' consent and

1

defendant U.S. Bank filed a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 4.)  The motion to dismiss was noticed for hearing on May 15, 2014.  (ECF Nos. 4, 7, 9.)[4]  On May 15, 2014, defendant DLJ Mortgage Capital, Inc. ("DLJ Mortgage") filed a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 15.)  This motion to dismiss was noticed for hearing on July 3, 2014.  (Id.)[5]

  Pursuant to this court's Local Rules, plaintiff was obligated to file and serve a written opposition, or a statement of non-opposition, to defendant U.S. Bank's pending motion at least fourteen (14) days prior to the hearing date, or May 1, 2014.  See E.D. Cal. L.R. 230(c).[6]  However, plaintiff failed to file an opposition or statement of non-opposition to the motion by

---

[the removal notice is] signed by an attorney of record").

[3] Defendants' removal of this case is based on the court's diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 and appears to be proper under 28 U.S.C. § 1441.

[4] Defendant U.S. Bank initially noticed its motion to dismiss before the district judge for a hearing on May 23, 2014.  (ECF No. 4.)  After being informed that its motion was defective as filed and being instructed to notice the motion before the assigned magistrate judge pursuant to Local Rules 302(c)(21) and 230(a), defendant filed an amended notice of hearing on its motion to dismiss for a hearing to take place before the undersigned on May 22, 2014.  (ECF Nos. 6, 7.)  Defendant later filed a notice to reschedule the hearing on its motion, which reset the hearing date to May 15, 2014.  (ECF No. 9.)

[5] Defendant DLJ Mortgage initially filed its motion to dismiss before the district judge for a hearing on May 14, 2014.  (ECF No. 11.)  After being informed that its motion was defective as filed and being instructed to notice the motion before the assigned magistrate judge pursuant to Local Rules 302(c)(21) and 230(a), defendant re-noticed its motion to dismiss for a hearing to take place before the undersigned on July 3, 2014.  (ECF Nos. 14, 15.)  Defendant's initial motion to dismiss before the district judge has been terminated in light of the motion being re-noticed before the undersigned.

[6] More specifically, Eastern District Local Rule 230(c) provides:

> **(c) Opposition and Non-Opposition.**  Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date.  A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question.  No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party.

1  that deadline.  As a result of plaintiff's failure, but in light of her pro se status, the undersigned
2  issued an order on May 7, 2014, continuing the hearing on the motion to dismiss until June 26,
3  2014, and providing plaintiff with an additional opportunity to file an opposition or statement of
4  non-opposition to the motion on or before June 12, 2014.  (ECF No. 10.)  This second deadline
5  passed and plaintiff again did not file an opposition or statement of non-opposition to U.S. Bank's
6  motion.  Furthermore, plaintiff did not file an opposition or statement of non-opposition to DLJ
7  Mortgage's motion to dismiss by the June 19, 2014 deadline for doing so pursuant to Local Rule
8  230(c).

9       Nevertheless, on June 19, 2014, plaintiff filed a declaration and a proposed consent order
10 for substitution of attorney.  (ECF Nos. 18, 19.)  In her declaration, plaintiff represents that the
11 signature on the complaint is not her own, that she "had no knowledge of any lawsuits being filed
12 on [her] behalf," and that she did not give anyone the authority to file a lawsuit on her behalf.
13 (Decl. of Christee Fisher, ECF No. 18 at ¶ 2.)  Plaintiff claims that she did not become aware that
14 the present lawsuit had been filed until she consulted with attorney Keith Cable on June 10, 2014,
15 regarding a pending unlawful detainer matter in Placer County.  (Id.)  Plaintiff states that while
16 Mr. Cable reviewed her paperwork, "he advised [her] that a lawsuit had been filed on [her] behalf
17 in the Placer Superior Court, and that it had been removed to federal court."  (Id.)  Plaintiff claims
18 that she "was completely surprised about the lawsuit."  (Id.)  Plaintiff also states that "[p]rior to
19 meeting with Mr. Cable, an outfit called the 'Eviction Defense Group' had been assisting [her]
20 during the [unlawful detainer] court process."  (Id.)  In her proposed consent order, plaintiff
21 proposes that attorney Keith Cable be substituted as counsel of record in place of plaintiff
22 proceeding pro se.  (ECF No. 19.)

23      In light of plaintiff's June 19, 2014 filings and the circumstances alleged by plaintiff in
24 her declaration, the court orders plaintiff to show cause in writing within seven days of this order
25 regarding why this case should not be dismissed without prejudice because of the purported fact
26 that plaintiff did not sign or otherwise authorize the filing of the complaint in this case and
27 because plaintiff could refile a complaint against the defendants named in this action in a separate
28 case with the assistance of her proposed counsel.  If plaintiff does not oppose dismissal of this

case without prejudice, she shall file a writing stating her non-opposition within seven days of this order.[7]  Furthermore, in light of this order, the court finds it appropriate to vacate the June 26, 2014 hearing on defendant U.S. Bank's motion to dismiss and the July 3, 2014 hearing on defendant DLJ Mortgage's motion to dismiss.[8]

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Within seven days of the date of this order, plaintiff shall show cause in writing why this case should not be dismissed without prejudice.  If plaintiff does not oppose dismissal of this case without prejudice, she shall state her non-opposition in writing within seven days of this order.

2. The June 26, 2014 hearing on defendant U.S. Bank's motion to dismiss is VACATED.

3. The July 3, 2014 hearing on defendant DLJ Mortgage's motion to dismiss is VACATED.

IT IS SO ORDERED.

Dated:  June 24, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[7] Failure to file a writing in response to this order may be grounds for the imposition of sanctions pursuant to the Federal Rules of Civil Procedure and this court's Local Rules, including, but not limited to, a recommendation that this case be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

[8] Defendants U.S. Bank and DLJ Mortgage are informed that they may seek to re-notice their respective motions to dismiss for a hearing if it becomes necessary to do so after plaintiff files her response to the court's order to show cause.