UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTEE L. FISHER as personal representative of the Estate of ROBERT C. FISHER, JR., | No. 2:14-cv-0791 KJM KJN PS |
| Plaintiff, | ORDER |
| v. | |
| U.S. BANK NATIONAL ASSOCIATION, et al., | |
| Defendants. | |

On June 19, 2014, plaintiff Christee Fisher ("plaintiff"), acting as personal representative of the Estate of Robert C. Fisher, Jr., filed a declaration stating that the signature on the complaint filed in this case is not her own, that she "had no knowledge of any lawsuits being filed on [her] behalf," and that she did not give anyone the authority to file a lawsuit on her behalf. (ECF No. 18 at ¶ 2.) As a result of this filing, the court issued an order to show cause on June 24, 2014, requiring plaintiff to show cause in writing "within seven days . . . regarding why this case should not be dismissed without prejudice because of the purported fact that plaintiff did not sign or otherwise authorize the filing of the complaint in this case and because plaintiff could refile a complaint against the defendants named in this action in a separate case . . . ." (ECF No. 22 at 3.) Plaintiff timely filed a response to the court's order on July 1, 2014. (ECF No. 24.) Therein, plaintiff represented that she does not oppose the dismissal of this case without prejudice "with

1

the caveat that she not be subjected to any potential fees or costs incurred by . . . defendant[s]." (Id. at 1.) Plaintiff also attached a declaration of her newly-retained counsel, Keith Cable, which stated that he had spoken to defendant U.S. Bank National Association's counsel regarding a stipulated dismissal of this case with prejudice and was still waiting to hear back from defendant's counsel, who was seeking to obtain her client's approval for such a stipulation. (Id. at 2-3.) Based on this response, the court's June 24, 2014 order to show cause is hereby discharged.

On June 27, 2014, plaintiff and defendant DLJ Mortgage Capital, Inc. filed a stipulation of voluntary dismissal with prejudice of DLJ Mortgage Capital, Inc. from this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (ECF No. 23.) Similarly, on July 18, 2014, plaintiff and defendant U.S. Bank National Association filed a stipulation of voluntary dismissal with prejudice of U.S. Bank National Association from this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (ECF No. 25.)

Rule 41(a) (1)(A), in relevant part, provides:

> the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; (ii) a stipulated dismissal signed by all parties who have appeared.

Rule 41(a)(1)(A)(ii) thus allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared, although an oral stipulation in open court will also suffice. Carter v. Beverly Hills Sav. & Loan Assoc., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir. 1986). Once the stipulation between the parties who have appeared is properly filed or made in open court, no order of the court is necessary to effectuate dismissal. Fed. R. Civ. P. 41(a)(1)(ii); Eitel, 782 F.2d at 1473 n. 4. "Case law concerning stipulated dismissals under Rule 41(a)(1)(ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval." In re Wolf, 842 F.2d 464, 466 (D.C. Cir. 1989); Gardiner v. A.H. Robins Co., 747 F.2d 1180, 1189 (8th Cir. 1984); see also Gambale v. Deutsche Bank AG, 377 F.3d 133, 139 (2d Cir. 2004); Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074,

1077 (9th Cir. 1999); cf. Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997) (addressing Rule 41(a)(1) dismissals). "The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice," and the dismissal "automatically terminates the action as to the defendants who are the subjects of the notice." Wilson, 111 F.3d at 692; Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995).

Because the parties have filed stipulations for dismissal of this case with prejudice under Rule 41(a)(1)(A)(ii), which, collectively, are signed by all parties who have made an appearance, this case has terminated. See Fed. R. Civ. P. 41(a)(1)(A)(ii); In re Wolf, 842 F.2d at 466; Gardiner, 747 F.2d at 1189; see also Gambale, 377 F.3d at 139; Commercial Space Mgmt., 193 F.3d at 1077; cf. Wilson, 111 F.3d at 692. Because all parties that have appeared in this action have filed stipulations of dismissal, the dismissal of this case is effective without a court order.

Nevertheless, for purposes of clarity only, IT IS HEREBY ORDERED that:

1. The court's June 27, 2014 order to show cause (ECF No. 22) is vacated.

2. This action is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (See ECF Nos. 23, 25.)

3. The Clerk of Court is directed to vacate all dates and close this case.

IT IS SO ORDERED.

Dated: July 22, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE